# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROSS DOZIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-00279-JAR ) |
| USAA CASUALTY INSURANCE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ross Dozier's ("Dozier") Motion to Remand (Doc. 8). On October 7, 2015, upon review of Plaintiff's Motion and stipulation in support of his Motion, the Court entered an order reserving ruling on the Motion to allow the Parties to submit any supplemental filings. Plaintiff timely filed an Amended Stipulation Limiting Damages and a memorandum in support (Docs. 16, 16-1). The Motion is fully briefed and ready for disposition. For the following reasons, Plaintiff's Motion to Remand will be **GRANTED.**

## I. BACKGROUND

Dozier originally filed this action seeking underinsured motorist coverage benefits and asserting a claim for vexatious refusal against Defendant USAA Casualty Insurance Company ("USAA CIC") in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri on January 7, 2015. Dozier alleges that he is entitled to underinsured motorist coverage pursuant to a policy issued by USAA CIC and that USAA CIC's refusal to pay or make a reasonable offer to pay his claims is without reasonable cause or excuse. For each claim, Dozier seeks judgment against USAA CIC, "in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), but in no event greater than Seventy-Five Thousand

Dollars ($75,000)" (Doc. 5 at 4-6). USAA CIC removed the case to this Court on February 12, 2015, on the basis of diversity jurisdiction, stating the parties are citizens of different states and "the amount in controversy exceeds the sum of $75,000.00." (Doc. 1 at ¶5) Shortly thereafter, Dozier filed a motion to remand (Doc. 8).

In support of his motion to remand, Dozier's attorney, Amanda Pietoso ("Pietoso"), filed an affidavit stating "I hereby state and affirm that on behalf of Plaintiff Ross Dozier that I will not seek more than $75,000.00 in damages, including attorney's fees in this matter" (Doc. 8-1).

USAA CIC opposed remand, arguing that Pietoso's stipulation was not legally binding and may not be relied upon by the Court for purposes of determining the amount-in-controversy because it is not signed by Dozier and does not include a safeguard against accepting an award of damages over the jurisdictional amount. USAA CIC further argues that it has established that the actual amount in controversy exceeds $75,000.00 because the nature of the damages claimed by Plaintiff in Count I of his Petition could support an award in excess of the jurisdictional amount and his vexatious refusal claim could support a damages award of more than $20,000 in addition to his underinsured motorist claim. USAA CIC relies on a December 24, 2014 demand letter from Dozier seeking $75,000 for his injuries (Doc. 12-2).

On October 7, 2015, upon review of Plaintiff's stipulation, the Court entered an order reserving ruling on the Motion to allow the Parties to submit any supplemental filings. Thereafter, Dozier filed a stipulation signed by himself and his counsel stating that they will "not seek more than $75,000.00 in damages, including attorney's fees, in this matter" and "that they will not accept any money awarded in excess of $75,000.00 and will therefore waive the amount awarded over and above $75,000.00" (Doc. 16-1).

## II. ANALYSIS

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mutual Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003). To meet this burden, the defendant must present "some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014). This evidence may include settlement offers by the plaintiff exceeding the jurisdictional amount. *See McGuire v. J.B. Hunt Transp., Inc.*, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2014) ("[A]lthough the existence of a settlement demand does not resolve the [amount in controversy] issue, it is relevant.").

Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell,* 557 F.3d at 956). A plaintiff can meet that burden with a "binding stipulation that limits the plaintiff's recovery of damages." *Id.* (citing *Neighbors v. Muha,* 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005)). Doubts concerning federal jurisdiction are resolved in favor of remand. *Bell*, 557 F.3d at 956.

Although Dozier's demand letter sought $75,000 to settle this action, the demand letter does not establish the jurisdictional amount by a preponderance of the evidence, as it is "not supported by the pleadings or any other evidence and it is directly rebutted by a sworn affidavit." *Jackson v. Fitness Res. Grp., Inc.*, 2012 WL 2873668, at *5 (E.D. Mo. July 12, 2012) (quoting

*Turner v. Wal-Mart Stores East, LP*, 4:11CV541CDP (E.D. Mo. May 4, 2011), ECF No. 14). Moreover, Dozier's stipulation indicates that he and his attorney will "not seek more than $75,000.00 in damages, including attorney's fees, in this matter" and "further state and affirm that they will not accept any money awarded in excess of $75,000.00 and will therefore waive the amount awarded over and above $75,000.00" (Doc. 16-1). In signing the stipulation, Dozier has limited himself to a recovery in an amount less than $75,000.00 to resolve both his underinsured motorist coverage benefits and vexatious refusal claims. Therefore, Dozier has established to a legal certainty that the amount in controversy is less than the requisite jurisdictional amount and that remand is appropriate. *See McGuire*, No. 4:10CV746MLM, 2010 WL 2399550, at *4.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis. A separate order of remand shall accompany this order.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of February, 2016.